1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Jason Steffes,                                    No. CV-18-02021-PHX-DLR

10           Plaintiff,                              **ORDER**

11  v.

12  Commissioner of Social Security
    Administration,
13

14           Defendant.

15          At issue is the denial of Plaintiff Jason Steffes's Applications for Disability

16  Insurance Benefits and Supplemental Security Income by the Social Security

17  Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a

18  Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court

19  now addresses Plaintiff's Opening Brief (Doc. 11, "Pl.'s Br."), Defendant Social Security

20  Administration Commissioner's Opposition (Doc. 12, "Def.'s Br."), and Plaintiff's Reply

21  (Doc. 13, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc.

22  10, R.) and now reverses the Administrative Law Judge's decision (R. at 42–50) as upheld

23  by the Appeals Council (R. at 1–3).

24  **I.      BACKGROUND**

25          Plaintiff filed applications for Disability Insurance Benefits and Supplemental

26  Security Income on August 20, 2014, for a period of disability beginning April 1, 2014.

27  (R. at 42.) Plaintiff's claims were denied initially on January 12, 2015 (R. at 42), and on

28  reconsideration on May 6, 2015 (R. at 42). Plaintiff then testified at a hearing held before

1   an Administrative Law Judge ("ALJ") on February 21, 2017. (R. at 42.) On June 26, 2017,

2   the ALJ denied Plaintiff's Applications. (R. at 50.) On May 8, 2018, the Appeals Council

3   denied a request for review of the ALJ's decision. (R. at 1–3.) On June 27, 2018, Plaintiff

4   filed this action seeking judicial review of the denial.

5       The Court has reviewed the medical evidence in its entirety and finds it unnecessary

6   to provide a complete summary here. The pertinent medical evidence will be discussed in

7   addressing the issues raised by the parties. In short, upon considering the medical records

8   and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged

9   impairments: type 1 diabetes; chronic pancreatitis; and right shoulder rotator cuff

10  impingement. (R. at 45.) Ultimately, the ALJ determined that these impairments were not

11  severe because "they present[ed] only slight abnormalities and [did] not have more than a

12  minimal effect on . . . [Plaintiff's] ability to do basic physical or mental work." (R. at 50.)

13  **II.   LEGAL STANDARD**

14      In determining whether to reverse an ALJ's decision, the district court reviews only

15  those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

16  517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability

17  determination only if the determination is not supported by substantial evidence or is based

18  on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

19  more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable

20  person might accept as adequate to support a conclusion considering the record as a whole.

21  *Id.* To determine whether substantial evidence supports a decision, the court must consider

22  the record as a whole and may not affirm simply by isolating a "specific quantum of

23  supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more

24  than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

25  conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)

26  (citations omitted).

27      To determine whether a claimant is disabled for purposes of the Act, the ALJ

28  follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* Steps three through five "require the ALJ to evaluate whether the claimant's impairment satisfies certain statutory requirements entitling him to a disability finding." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "If the impairment does not, the ALJ must assess whether the claimant remains capable of doing his prior work or engaging in alternative employment." *Id.*

**III.  ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in finding Plaintiff's chronic pancreatitis, diabetes, and joint pain were not severe impairments; and (2) in doing so, the ALJ erred in discrediting Plaintiff's symptom testimony. (Pl.'s Br. at 1.)

**A.  The ALJ Erred in Finding Plaintiff's Pancreatitis Was Not a Severe Impairment**

An ALJ may find an impairment or combination of impairments is not severe "*only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (alteration in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Step two's "de minimis" standard is intended to "dispose of groundless claims." *Smolen*, 80 F.3d at 1290 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)). An ALJ's conclusion that a Plaintiff lacks a medically severe impairment or combination of impairments must be "clearly established by medical evidence." *Id.* at 687 (quoting S.S.R. No. 85–28 (1985)). Put another way, the question is whether "the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb*, 433 F.3d at 687

(9th Cir. 2005) (citation omitted)*; see also* SSR 85-28, *Titles II and XVI: Medical Impairments That Are Not Severe* (1985) ("Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.")

Here, the ALJ found Plaintiff suffered from three medically determinable impairments—pancreatitis, diabetes, and a rotator cuff impingement in his right shoulder (R. at 45)—but concluded these impairments were not severe, either individually or in combination, because they presented only slight abnormalities and did not have more than a minimal effect on Plaintiff's ability to do basic physical or mental work activities. (R. at 50.) Given the de-minimis standard of the step-two inquiry, the ALJ erred in concluding Plaintiff's pancreatitis was not severe.

The medical evidence does not clearly establish that Plaintiff's pancreatitis is a non-severe impairment under step two. "The record demonstrates [Plaintiff] has a long history of pancreatitis." (R. at 47.) Plaintiff, 38 years old at the time of his hearing (R. at 285), was first diagnosed with pancreatitis when he was 17 (R. at 285), and in June 2016, a computerized tomography ("CT") scan of Plaintiff's abdomen revealed "peripancreatic edema adjacent to the head of the pancreas compatible with acute pancreatitis." (R. at 1079.) As the ALJ concluded, Plaintiff's pancreatitis "could reasonably be expected to produce" the nausea, vomiting, and abdominal pain that Plaintiff alleged. (R. at 47.) Nevertheless, the ALJ determined that Plaintiff's pancreatitis was not a severe impairment, citing discrepancies in Plaintiff's testimony, inconsistent test results, "normal" findings during physical examinations, conservative treatment, and work history. (R. at 47–50.) Although these factors may undermine Plaintiff's testimony regarding the extreme intensity, persistence, and limiting effects of his symptoms, the ALJ did not have sufficient evidence to find that the medical evidence clearly established Plaintiff's pancreatitis had no more than a minimal effect on Plaintiff's ability to work.

Moreover, Plaintiff's pancreatitis interferes with his ability to control his diabetes. (R. at 286.) Ordinarily, Plaintiff can control his diabetes with insulin, but Plaintiff is unable to take his insulin if he does not eat, and during a "flare" of Plaintiff's pancreatitis, he has difficulty eating. (R. at 286.) Thus, when Plaintiff's pancreatitis is considered in combination with Plaintiff's diabetes, it is clear Plaintiff suffers from a medically severe impairment under step two.

For similar reasons to those mentioned above, the ALJ on remand should reconsider whether Plaintiff's reported joint pain qualifies as a severe impairment under the de minimis standard set forth in step two.[1]

**IV.  CONCLUSION**

For all the foregoing reasons, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order. Specifically, in addition to finding Plaintiff's pancreatitis, whether considered alone or in combination with Plaintiff's diabetes, is a severe impairment, the ALJ should reconsider whether Plaintiff's alleged joint pain is a severe impairment.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 23rd day of July, 2019.

Douglas L. Rayes
United States District Judge

---

[1] Because the Court finds Plaintiff's pancreatitis is a severe impairment, it need not address Plaintiff's arguments that the ALJ erred in discrediting Plaintiff's symptom testimony.