**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Steffes,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-18-02021-PHX-DLR<br><br>**ORDER** |

On July 23, 2019, the Court reversed the Social Security Administration's non-disability decision and remanded this matter for further proceedings. (Doc. 14.) On remand, the Administration ruled in Plaintiff's favor, awarding him $161,319.00 in past-due benefits. (Doc. 18-1 at 1.) Plaintiff previously entered into a contingent-fee agreement under which he agreed to pay his attorney 25% of any past-due benefits awarded. (Doc. 18-5.) Accordingly, Plaintiff now moves for an award of $40,329.75 in attorney's fees, representing 25% of his past-due benefits. (Doc. 18-1 at 1.)

Whenever the Court enters a judgment favorable to a disability benefits claimant, the Court can award reasonable attorney's fees in an amount not to exceed 25% of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure

that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Thus, when determining whether a contingency fee request is reasonable, the Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir.2009) (en banc) (internal quotations omitted).  The Court starts with the contingent-fee agreement and then tests the resulting award for reasonableness, adjusting downward "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1149-51.  When assessing whether the requested fee would result in a windfall, the Court considers whether the benefits were proportionate to the time spent on the case and may, if necessary, use the lodestar calculation as a non-dispositive aid. *Id.* at 1151.

       Plaintiff's contingent-fee request is not greater than 25% of past-due benefits, and there is no evidence of substandard performance or delay by Plaintiff's counsel.  The Administration argues, however, that $40,329.75 is unreasonably high because counsel spent 30.3 hours working on this case, and therefore the award would translate to an effective hourly rate of $1,331.01.  Relying on *Norden v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00373-PHX-JAT, 2020 WL 3472551, at *2 (D. Ariz. June 25, 2020), the Administration argues that the Court should award $36,360.00, representing an effective hourly rate of $1,200.00.  (Doc. 20.)  *Norden* reduced a contingent-fee award from an effective hourly rate of $1,295.45 to an effective hourly rate of $1,200, but in doing so explained that "1,295.45 . . . falls slightly outside the range of reasonableness that this Court, and others in this district, have found reasonable in recent cases *resolved by a stipulation to remand without full briefing*." *Id.* (emphasis added).  Likewise, this Court recently reduced a contingent-fee award from an effective hourly rate of $1,624.82 to an effectively hourly rate of $1,200 "considering this case resolved through a stipulated remand without full briefing[.]" *Demand v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08063-PCT-DLR, 2020 WL 1659898, at *1-2 (D. Ariz. Apr. 3, 2020).

       Unlike *Norden* and *Demand*, this matter was not resolved through a stipulated

remand and instead required full briefing.  Under these circumstances, the Court does not find counsel's requested fee to be out of proportion to the time spent on the case.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. 18) is **GRANTED**.  Counsel's fees are approved in the amount of **$40,329.75**, out of which Plaintiff shall be refunded the $6,112.75 already received by counsel under the Equal Access to Justice Act.  (*See* Doc. 17.)  Any fees withheld by the Administration in anticipation of an order under § 406(b), less an administrative assessment pursuant to § 406(d), may be paid to Kathryn Dicus, 10645 N. Tatum Blvd., Ste. 329, Phoenix, AZ 85028, consistent with this order.

Dated this 24th day of November, 2020.

Douglas L. Rayes
United States District Judge